IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

_____

| | | |
|---|---|---|
| CITGO REFINING & CHEMICALS COMPANY L.P., | § § | |
| Plaintiff | § § | C.A. NO.: _____ |
| Vs. | § § | Filed Pursuant to Rule 9(h) Of the Federal Rules of Civil Procedure |
| VALERO REFINING-TEXAS, L.P., Defendant. | § § | |

**CITGO REFINING & CHEMICALS COMPANY L.P.'S
ORIGINAL COMPLAINT**

_____

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CITGO Refining & Chemicals Company L.P. (hereinafter referred to as "CITGO") and files this its Original Complaint against Defendant Valero Refining-Texas, L.P. (hereinafter referred to as "Valero Refining-Texas") and, in support thereof, CITGO would respectfully show as follows:

I.

Currently, and at all times pertinent, CITGO is and was a foreign limited partnership organized under the laws of the State of Delaware with its principal place of business in Houston, Texas at 1293 Eldridge Parkway, Houston, Texas 77077-1670.

II.

Currently, and at all times pertinent, Valero Refining-Texas is and was a domestic limited partnership organized under the laws of the State of Texas with its principal place of business at One Valero Way, San Antonio, Texas 78249-1616. Valero Refining-Texas may be served with

Summons and Complaint through its registered agent for service of process CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201-4240.

III.

This is a civil case of admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333, as this action involves a tort which occurred on the navigable waters of the United States. Alternatively, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Oil Pollution Act of 1990 (hereinafter "OPA 90"), 33 U.S.C. §§ 2701-2762 and 33 U.S.C. § 2717(b) provides that the United States District Court shall have exclusive original jurisdiction over all controversies arising under OPA 90.

IV.

Venue is proper in this district pursuant to 33 U.S.C. § 2717(b), as this action involves the discharge of oil into the navigable waters of the United States, and that discharge, and the injuries and/or damages arising from that discharge, occurred in this district, and Defendant Valero Refining-Texas resides in this district. Venue is also proper in this district pursuant to 28 U.S.C. § 1331(b)(2), because a substantial part of the events or omissions giving rise to CITGO's claim occurred in this judicial district. Alternatively, venue in this district is proper under 28 U.S.C. § 1391(b)(1), as Valero Refining-Texas resides in this district and its contacts in this district would be sufficient to subject it to personal jurisdiction if this district were a separate State under 28 U.S.C. § 1391(c).

V.

At all times pertinent, CITGO was the owner and operator of a refinery complex which is located on two sites of the Corpus Christi Ship Channel, known as the CITGO Corpus Christi Refinery.

VI.

At all times pertinent, Valero Refining-Texas owns and operates a refinery known as the Valero Corpus Christi Refinery West Plant, which produces RFG and ultra-low-sulfur diesel, among other products.

VII.

On June 1, 2006, at approximately 0100 hours, Tank 22 at the Valero Corpus Christi Refinery West Plant overflowed into its surrounding containment.  By approximately 0300 hours on June 1, 2006, the containment surrounding Valero-Refining-Texas' Tank 22 was breached and, as a result, slop oil entered the Corpus Christi inner harbor and the navigable waters of the United States, and impacted the CITGO Docks utilized to transport feedstock from the CITGO East Plant to the CITGO West Plant.  Ultimately, as a result of the overflow of Tank 22 and the subsequent breach of its surrounding containment, thousands of barrels of slop oil were discharged into the inner harbor and the navigable waters of the United States from Valero Refining-Texas' West Refinery Tank 22 (hereinafter referred to as "the June 1, 2006, oil discharge incident").

VIII.

As a result of the June 1, 2006, oil discharge incident, production at CITGO's Corpus Christi refinery, including its East Plant and West Plant, was materially and adversely disrupted, causing a substantial decrease of production from various refinery Units, including its Coker Unit, its Crude Unit, its MDHT (distillate hydrotreater), its Unibon Unit (gas oil hydrotreater), its No. 2 FCC Unit, its No. 4 Platformer, its No. 5 Platformer, among other Units.  The impact of oil at the CITGO Docks and the loss of production at CITGO's various described Units caused CITGO to sustain damages for injury to or destruction of real or personal property and

substantial lost profits and/or impairment of earning capacity. These damages resulted from the Valero Refining-Texas oil which entered the navigable waters of the United States and impacted the CITGO Docks utilized to transport feedstock from the CITGO East Plant to the CITGO West Plant.

IX.

In addition to the above, between June 1, 2006 and July 22, 2006, CITGO incurred removal costs as a result of the June 1, 2006, oil discharge incident.

X.

Valero Refining-Texas is liable to CITGO for its damages and response costs resulting from the June 1, 2006, oil discharge incident pursuant to OPA 90. Valero's West Refinery is a facility from which oil was discharged into or upon the navigable waters and thus Valero, as owner and operator of the Valero Corpus Christi Refinery and Tank 22, is a responsible party within the meaning of OPA 90 for the June 1, 2006, oil discharge incident. Pursuant to section 2702(b)(2)(B) of OPA 90, Valero Refining-Texas is liable to CITGO for CITGO's damages for injury to, or economic losses resulting from destruction of, real or personal property resulting from the June 1, 2006, oil discharge incident. Pursuant to section 2702(b)(2)(E) of OPA 90, Valero Refining-Texas is liable to CITGO for CITGO's damages equal to the loss of profits or earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources resulting from the June 1, 2006, oil discharge incident.

XI.

Pursuant to Section 2702(b)(1)(B) of OPA 90, Valero Refining-Texas is liable to CITGO for its removal costs incurred by CITGO for actions it undertook which were consistent with the National Contingency Plan.

XII.

CITGO's damages in the form of lost profits which are recoverable under Section 2702(b)(2)(E) of OPA 90 are $6,517,000.00.

XIII.

CITGO's removal costs which are recoverable under Section 2702(b)(1)(B) are $526,470.00.

XIV.

All and singular, the premises as recited above are true and correct and are within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CITGO Refining & Chemicals Company L.P. prays that:

(a) Summons under due form and law be issued against Defendant Valero Refining-Texas L.P.;

(b) Judgment be entered in favor of CITGO Refining & Chemicals Company L.P. against Defendant Valero Refining-Texas L.P. for the amount of Plaintiff CITGO Refining & Chemicals Company L.P.'s damages and removal costs, together with pre- and post-judgment interest, and costs and disbursements in this action;

(c) That the Court grants Plaintiff CITGO Refining & Chemicals Company L.P. such other and further relief, both in law and in equity, as may be just and proper.

Respectfully submitted,

/s/Ralph F. Meyer
Ralph F. Meyer, Attorney in Charge
State Bar No. 13994300
Federal I.D. 2831
John M. Elsley
State Bar No. 06591950
Federal I.D. 2828
1300 Frost Bank Building
802 N. Carancahua
Corpus Christi, Texas 78470
Telephone: 361-884-8808
Facsimile:  361-884-7261
ATTORNEYS FOR PLAINTIFF
CITGO REFINING & CHEMICALS COMPANY L.P.

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.